IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| THOMAS P. GORMAN, | ) | |
| | ) | |
| Trustee–Appellant, | ) | Case No. 1:13-CV-1409 (GBL/JFA) |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT A. WOLF, | ) | |
| | ) | |
| Debtor–Appellee. | ) | |

## UNPUBLISHED ORDER

THIS MATTER is before the Court on Trustee Thomas P. Gorman's appeal of two Orders by Bankruptcy Judge Brian F. Kenney, an October 11, 2013 Order confirming Debtor Robert A. Wolf's Chapter 13 Plan (Doc. 1-1, at 50–57), and an October 7, 2013 Order overruling the Trustee's objections to the Plan (*id.* at 58). The Trustee alleges that the bankruptcy court erred (i) by finding the Plan to have been proposed in good faith even though Debtor took a secured loan on a new 2013 Ford Focus and (ii) by confirming the Plan without adequate examination of Debtor's Schedule J expenses and despite Debtor's failure to apply all of his monthly net income, as listed on Schedule J, to creditor repayment. (Doc. 9.) For the reasons below, the Court **AFFIRMS** the judgment of the bankruptcy court.[1]

First, the Court **AFFIRMS** the bankruptcy court's finding of good faith because the bankruptcy court did not misinterpret *Milavetz v. United States*, 559 U.S. 229 (2010), and because the bankruptcy court applied the correct totality-of-the-circumstances test. In *Milavetz*, the Supreme Court held that "advice to incur more debt because of bankruptcy . . . will generally consist of advice to 'load up' on debt with the expectation of obtaining its discharge—*i.e.*,

---

[1] This unpublished order has no binding precedential effect as to the legal principles applied but is a binding disposition of the instant appeal.

conduct that is abusive *per se*." *Milavetz*, 559 U.S. at 244. The bankruptcy court correctly found that Debtor could not have expected to discharge his car loan because "the debt for the Focus is secured debt, which the Debtor will need to pay if he expects to keep the vehicle." (Doc. 1-1, at 56).

Having ruled out the possibility of per se abuse, the bankruptcy court correctly examined the issue of good faith using the multifactored test of *Neufeld v. Freeman*, 794 F.2d 149 (4th Cir. 1986). (*See* Doc. 1-1, at 52–53). The Trustee cites to *In re Williams*, 475 B.R. 489 (Bankr. E.D. Va. 2012), to suggest that an eve-of-bankrtupcy car purchase is indicative of bad faith. However, the bankruptcy court properly distinguished *Williams* and pointed to the case-by-case nature of the good-faith inquiry.

Second, the Court **AFFIRMS** the bankruptcy court's rejection of the Schedule J objections. "When a chapter 13 debtor is above the median income, [11 U.S.C. §] 1325(b)(3) . . . makes clear that Schedule J has no role in calculating disposable income," *In re Farrar-Johnson*, 353 B.R. 224, 228 (Bankr. N.D. Ill. 2006). Given that the Trustee does not dispute Debtor's above-median status, (*see* Doc. 9, at 8), the bankruptcy court properly overruled the Schedule J objections.

**IT IS SO ORDERED**.

ENTERED this 24 day of March, 2014.

Alexandria, Virginia
3 / 24 / 2014

/s/
Gerald Bruce Lee
United States District Judge